**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES OF AMERICA,

    v.

MICHAEL PITTS,

    Defendant.

Criminal No. 19-00049 (EGS)

---

## MEMORANDUM OPINION

On January 19, 2019, the government filed a complaint against Michael Pitts in the District of Columbia Superior Court ("Superior Court"), charging him with several drug and firearm offenses. The complaint was based on Mr. Pitts' arrest after a firearm and suspected drugs were found in a common area of his mother's apartment where he was allegedly living at the time. Mr. Pitts was arraigned, detained for several days, and then released into high intensity pretrial supervision, which included electronic location monitoring, curfew restrictions, and weekly in-person reporting. On February 22, 2019, while reporting for pretrial supervision, Mr. Pitts was arrested again, but this time on federal charges based on the identical alleged criminal conduct that formed the basis for the Superior Court complaint. After the second arrest, and a second period of pretrial detention, Mr. Pitts was again released into high intensity pretrial supervision. The Superior Court complaint and

the federal indictment were both filed by the United States Attorney's Office for the District of Columbia; Mr. Pitts was subject to jeopardy attaching simultaneously in two courts until the government dismissed the Superior Court complaint in mid-March.

Following a number of unforced errors by the government, including a failure to timely produce drug testing results and the unintentional destruction of Mr. Pitts' cellphone, the government now moves to dismiss the federal indictment without prejudice under Federal Rule of Criminal Procedure 48(a). The reason for the government's motion is clear: it failed to conduct forensic testing on the firearm recovered during the search, and now cannot obtain those results without violating Mr. Pitts' rights under the Speedy Trial Act, ("Act"), 18 U.S.C. § 3161. Because dismissal without prejudice constitutes a strategic use of Rule 48 prohibited under District of Columbia Circuit precedent, as well as persuasive authority in this district, and objectively amounts to prosecutorial harassment, the Court will dismiss the indictment with prejudice.

**I. Background**

Mr. Pitts was arrested on January 18, 2019, after District of Columbia Metropolitan Police Department officers executed a search warrant at his mother's apartment. Def.'s Opp'n, ECF No.

23, at 1.[1] The officers obtained the search warrant as a result of two tips received a day earlier. Gov't Mot. for Detention ("Detention Mot."), ECF No. 7 at 1. The tipsters both stated that, within the last two weeks, they saw an individual with a gun outside of the apartment building. *Id.* During the search of the apartment, the officers noticed a number of jackets hanging on the inside of the front door. Hr'g Tr., ECF No. 37 at 60:13–61:5, Apr. 30, 2019. In one of the jackets, the officers found a firearm. *Id.* In another, the officers found a credit card in Mr. Pitts' name. *Id.*

The government argues that the jackets belong to Mr. Pitts because Mr. Pitts' mother stated that they did. Gov't Mot., ECF No. 22 at 1; Hr'g Tr., ECF No. 37 at 59:2–11, Apr. 30, 2019. Mr. Pitts was arrested and searched, and the officers found approximately 6.06 grams of what was suspected to be cocaine base on his person. Def.'s Opp'n, ECF No. 23 at 1–2. The government also recovered a cell phone belonging to Mr. Pitts. Detention Mot., ECF No. 7 at 2.

Mr. Pitts was presented in Superior Court the following day, January 19, 2019, and charged by a complaint with felon in possession of a weapon and drug-related charges based on the

---

[1] When citing to electronic filings throughout this Memorandum Opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

contraband recovered from the search. Def.'s Opp'n, ECF No. 23 at 2. He was initially detained by the court on the government's motion. *Id.* On January 23, 2019, five days after his arrest, the court ordered Mr. Pitts released into high intensity pretrial supervision which included a curfew from 10 p.m. to 6 a.m., electronic location monitoring, and weekly in-person reporting to the Pretrial Services Agency. *See id.*

On February 22, 2019, while reporting to pretrial services, Mr. Pitts was re-arrested. Hr'g Tr., at ECF No. 37 at 7:2–15, Apr. 30, 2019. This new arrest stemmed from a federal indictment charging Mr. Pitts with possession of a firearm and ammunition after felony conviction, and several drug-related charges based on the identical facts used to obtain the complaint in Superior Court. *See generally* Indictment, ECF No. 1. The federal indictment was filed pursuant to a new practice of transferring "felon in possession" cases from Superior Court to this court.[2]

Mr. Pitts was again detained after his arraignment in federal court. Minute Entry (Feb. 22, 2019). The government again moved for pretrial detention; however, on February 27, 2019, five days after Mr. Pitts' detention, a magistrate judge ordered him released again into high intensity pretrial

---

[2] *See* https://www.washingtonpost.com/local/legal-issues/dc-mayor-taking-local-gun-cases-to-federal-court-sends-message-that-violence-will-not-be-tolerated/2019/02/06/ec7abb94-2a42-11e9-b2fc-721718903bfc_story.html?utm_term=.517ad4be768a.

supervision. *See* Minute Entry (Feb. 27, 2019). At that time, Mr. Pitts was facing charges in both federal court and Superior Court for identical alleged criminal conduct. The Superior Court charges were not dismissed until March 11, 2019. Def.'s Opp'n, ECF No. 23 at 3.

Mr. Pitts' first hearing before this Court occurred on March 7, 2019, when he asserted his Speedy Trial rights. *See* Minute Entry (Mar. 7, 2019). He requested a trial date, and jury selection was scheduled to commence on April 23, 2019. *Id.* The government did not file any motions that could have tolled the Act. The parties agree that, absent any tolling, the Act would require Mr. Pitts' federal trial to commence by no later than May 3, 2019. *See* Def.'s Opp'n, ECF No. 23 at 3 (citing May 3, 2019 as the speedy trial deadline); *see also* Gov't's Reply, ECF No. 27 at 4 (same).

At a status hearing on March 28, 2019, Mr. Pitts, through counsel, informed the Court that the government had neither produced lab reports for the substances recovered in the apartment where Mr. Pitts was arrested, nor produced any records recovered from Mr. Pitts' cell phone. *See* Minute Entry (Mar. 28, 2019). The Court ordered the government to produce the records by April 8, 2019, and scheduled a status hearing for April 9, 2019. *Id.* Mr. Pitts declined to waive his rights under the Act and the April 23, 2019 trial date remained calendared. *Id.*

At the April 9th hearing, the government informed the Court that it had failed to produce the telephone records or the drug testing results by the April 8th deadline. *See* Minute Order (April 9, 2019). The government stated that the cell phone records were unintentionally destroyed and therefore the government would not seek to introduce any cell phone records during trial. *Id.* During the hearing on the government's motion to dismiss the indictment, the government's attorney further elaborated that Mr. Pitts' cell phone fell off of a motorcycle and "got run over" when a government agent was transporting the phone for testing. Hr'g Tr., ECF No. 37 at 41:5-13, Apr. 30, 2019.

As for the drug testing results, the government stated that it was unable to turn over the results due to "confusion and backlog" at the testing agency. Gov't. Mot., ECF No. 22 at 2. The Court informed the parties that it would exclude drug testing results and phone records from the evidentiary record at trial because the government violated the Court's order and because the defendant would be prejudiced if the reports were produced at a later date. *See* Minute Order (April 9, 2019).

On April 15, 2019, the government moved to dismiss the indictment without prejudice and stated that it was seeking dismissal based on its failure to test the DNA swabs from the gun recovered in the apartment. Gov't's Mot., ECF No. 22. at 1.

6

The government explained that this was an "oversight" and that it was seeking dismissal of the indictment without prejudice "in order to get the tests done." *Id.* at 2. The government, moreover, contends that due to this oversight, "the most appropriate course of action is to dismiss the pending indictment without prejudice and await the test results." *Id.*

On April 30, 2019, the Court presided over a motion hearing on the question of whether to dismiss the indictment with or without prejudice. At the hearing, the government explained it would not pursue the drug charges if it reindicted Mr. Pitts. Hr'g Tr., ECF No. 37 at 58:5–20, Apr. 30, 2019. The government also explained it could have proceeded with the gun charge on the scheduled trial date. *Id.* at 67:4–5. Upon consideration of the parties' arguments, the Court dismissed the indictment and explained that a written order would follow on whether the dismissal was with or without prejudice. *Id.* at 77:20–78:4.

**II. Discussion**

    **A. Federal Rule of Criminal Procedure 48**

Under Federal Rule of Criminal Procedure 48(a), the "government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The primary reason for the "leave of court" requirement is to "protect[] a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and

7

commencing another prosecution at a different time or place deemed more favorable to the prosecution." *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973); *see also Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)(per curiam)("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."). "[T]he Rule has the effect of granting authority to the court in exceptional cases to reject a dismissal without prejudice--which would allow re-prosecution--if this would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989)(stating if Court finds a dismissal without prejudice would result in harassment the Court "would then instead order a dismissal with prejudice"). Although there is a strong presumption in favor of a dismissal without prejudice, "the ultimate decision in that regard depends upon the purpose sought to be achieved by the government and its effect on the accused." *Id.*

There is little precedent analyzing Rule 48(a) and the standard for whether to dismiss with or without prejudice in this circuit. The Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") discussed Rule 48(a) in *United States*

8

*v. Ammidown*, a case in which the D.C. Circuit reviewed a district judge's rejection of a plea agreement on the ground that, because of what the judge believed was overwhelming evidence of guilt, the public interest required the defendant to be tried on the more serious charge. 497 F.2d at 618. The D.C. Circuit took Rule 48 into consideration because of "[t]he element in a plea bargain of dismissal of the charge of the greater offense," explaining that the primary reason for the leave of court requirement under Rule 48 is "protecting a defendant from harassment." *Id.* at 619-20. As stated above, the D.C. Circuit described harassment as "a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution." *Id.* at 620.

Courts in this district have interpreted *Ammidown* as authority for a court to reject a request for dismissal without prejudice if the reason for the dismissal is to gain a tactical advantage or if the reprosecution of the defendant would otherwise be contrary to the manifest public interest. *See Poindexter*, 719 F. Supp. at 12 (dismissing with prejudice when government's reason for dismissal was to better position its case). In *Poindexter*, the government sought to dismiss without prejudice some, but not all, of the charges against the defendant because of a defect in the government's case,

9

specifically the presence of classified information that precluded certain evidence from being presented at that time. *Id.* The court dismissed the charges with prejudice, first noting that the "subjective good faith of [the government], which [was] repeatedly emphasized in the government's papers, [was] not at issue." *Id.* at 11. The court explained that the question is not whether the government was acting in bad faith, but rather whether the actions of the government objectively amounted to harassment. *Id.*

The court held that "the government could not validly use Rule 48(a) to gain a position of advantage, or to escape from a position of less advantage in which it found itself as a result of its own election." *Id.* at 11 (citing *United States v. Salinas*, 693 F. 2d 348, 353 (5th Cir. 1982)). The court ultimately concluded that allowing the government to proceed to trial on some charges and then reindicting at a later, unknown date was a process that "would not be fair to the defendant." *Id.* at 12. The court explained that although it appreciated the government's desire to "preserve the best possible case against the defendant for use at a time when, possibly, the tactical situation is more advantageous" that is exactly the type of strategy prohibited by the D.C. Circuit in *Ammidown*. *Id.* Accordingly, the court discharged its obligation to protect the defendant from what the court held, objectively, would be

10

harassment, and dismissed the counts at issue with prejudice. *Id.*

Other judges in this district have similarly dismissed cases with prejudice when the government's strategy was to seek dismissal without prejudice in order to bring the cases again under "more advantageous circumstances." *See United States v. Borges*, 153 F. Supp. 3d 216, 220 (D.D.C. 2015). In *Borges*, the district court dismissed the case with prejudice when the government's sole reason for seeking dismissal without prejudice was a problem with a key witness and the government hoped that the problem would be cured at some later date. *Id.* at 220–21. The court refused to dismiss the case without prejudice, stating that it had an "obligation to protect these defendants from the uncertainty that the risk of a future prosecution entails because it amounts, objectively, to harassment." *Id.* at 221.

**B. Application of Rule 48 to this Case**

Mr. Pitts argues that the government's request to dismiss the indictment without prejudice is to gain a tactical advantage--to gather additional information about the DNA swabs on the recovered gun--and therefore impermissible. Def.'s Opp'n, ECF No. 23 at 9. He also argues that allowing the government to reindict and re-arrest him on an unknown date and for a third time objectively amounts to harassment. *Id.* The government responds that the government has not acted in bad faith, and

that the threat of re-prosecution alone is not harassment. *See generally* Gov't's Reply, ECF No. 27.

D.C. Circuit precedent and persuasive authority in this district supports dismissal with prejudice based on Mr. Pitts' compelling circumstances. Like in *Poindexter* and *Borges*, the government has moved to dismiss the indictment without prejudice because of a defect in its case that has occurred through no fault of the defendant. Specifically, the government failed to test DNA swabs despite having possession of that evidence since January 18, 2019, and despite receiving requests from the defendant for that evidence. *See* Hr'g Tr., ECF No. 37, at 17:12-19, Apr. 30, 2019 (defendant's counsel explaining letter requesting DNA results). Since time cannot be excluded under the Act due to "lack of diligent preparation . . . on the part of the attorney for the Government," 18 U.S.C. § 3161(h)(7)(C), the government lacks a basis for obtaining a continuance to obtain the test results. The government concedes that the testing will not be complete until July 2019, well after the expiration of the Speedy Trial date of May 3, 2019. *See* Hr'g Tr., ECF No. 37 at 39:9-11. As in *Poindexter,* the government finds itself dissatisfied with the state of its case, through no fault of the defendant, and has moved to dismiss the case without prejudice with hopes to salvage the prosecution once the DNA test results are received. *See* Def. Mot, ECF No. 22 at 2 (stating "the most

appropriate course of action is to dismiss the pending indictment without prejudice and await the test results"). However, dismissing a case without prejudice only to bring charges when the case is in a better posture for the government is precisely the type of strategic use of Rule 48 that the D.C. Circuit has proscribed. *Ammidown*, 497 F.2d at 620.

The government's reliance on *United States v. Karake* is misplaced. *See United States v. Karake*, No. 02-cr-00256 ESH, 2007 WL 8045732 (D.D.C. Feb. 7, 2007). In *Karake*, the government moved to dismiss the indictment without prejudice after the court granted a motion to suppress evidence. *Id.* The court made it clear in *Karake* that, "but for [the] Court's decision that defendants' statements were the product of coercion" the government would have proceeded to trial. *Id.* The court also relied on the fact that *Karake* was not a case in which "the government could proceed to trial yet, for tactical reasons, has sought to defer prosecution." *Id.*

Here, the government has not moved to dismiss the indictment due to an evidentiary ruling; indeed the government conceded it would not bring any of the drug-related charges if it reindicts Mr. Pitts. Hr'g Tr., ECF No. 37 at 58:5-17, Apr. 30, 2019. Critically, the government acknowledged that it "could proceed to trial today" on the gun charge. *Id.* at 75:2-9. Accordingly, the sole reason for the government's motion is that

13

it has no basis to seek a continuance so that it can obtain the DNA test results that it failed to timely request. Unlike *Karake*, this is indeed the "case in which the government could proceed to trial yet, for tactical reasons, has sought to defer prosecution." *Karake*, 2007 WL 8045732, at *2. Under these circumstances, the Court concludes that the government seeks to dismiss this case simply because it prefers to prosecute the defendant "at a different time . . . deemed more favorable to the prosecution." *Ammidown*, 497 F.2d at 620. The fair administration of justice does not countenance the use of such ploys. *See United States v. Fields*, 475 F. Supp. 903, 908 (D.D.C. 1979)("[T]he government is not free to indict, dismiss, and reindict solely to achieve a more favorable prosecutorial posture.").

The government also relies on *United States v. Florian*, 765 F. Supp. 2d 32 (D.D.C. 2011), for the proposition that a dismissal without prejudice is not tantamount to prosecutorial harassment. *See* Gov't Reply, ECF No. 27 at 7-8. The Court agrees with the uncontroversial proposition that every dismissal without prejudice does not amount to prosecutorial harassment, but this argument misses the point. Mr. Pitts does not argue that dismissal without prejudice is harassment in *every case*; rather, he contends that dismissal without prejudice to gain a tactical advantage and evade the requirements of the Speedy

14

Trial Act constitutes harassment on the facts presented here. And, as the court in *Florian* recognized, "a prosecutor's attempt to circumvent the requirements of the Speedy Trial Act through the mechanism of a dismissal without prejudice may in some circumstances justify denying leave to dismiss an indictment without prejudice." *Id.* at 37.[3]

Dismissal with prejudice in this case is further supported by the unusual, and indeed disturbing, facts surrounding Mr. Pitts' arrests. Mr. Pitts was arrested and detained twice based on the same alleged criminal conduct. For over two weeks a complaint in Superior Court and an indictment in this Court, both filed by the same United States Attorney's Office and based on the same alleged criminal conduct, were pending against him. Furthermore, the government was well aware that Mr. Pitts' conditions of release required him to be home at certain hours and that he was monitored electronically, and well aware of the dates on which Mr. Pitts was required to make an appearance in Superior Court. Rather than issue a summons, or notify his attorney of the new indictment, the government arrested Mr.

---

[3] The court in *Florian* also noted that nothing suggested that the government sought to subvert the goals of the Speedy Trial Act and that the defendants had previously consented to a continuance of their Speedy Trial rights "in order to review the extensive discovery produced by the [g]overnment." 765 F. Supp. 2d at 37. In this case, Mr. Pitts made his intention to go to trial clear from the outset of this case and never waived a day of his Speedy Trial rights.

Pitts as he was fulfilling the obligations of his D.C. Superior Court release conditions and reporting to the Pretrial Services Agency. The government now seeks to potentially arrest Mr. Pitts for a third time and conceded at the hearing that it would not commit to alternative means of notifying Mr. Pitts of another indictment. Hr'g Tr., ECF No 37 at 57:4-11, Apr. 30, 2019. No person should be exposed to such outrageous government conduct merely because the government seeks to strengthen its case--which the government concedes it can take to trial at the present time--into a better prosecutorial posture.

The ultimate decision regarding a dismissal with prejudice depends upon the "purpose sought to be achieved by the government and its effect on the accused." *Poindexter*, 719 F. Supp. at 10. As stated above the purpose sought to be achieved is clearly tactical, to better position the government to try this case, which is clearly prohibited under D.C. Circuit precedent. *See Ammidown*, 497 F.2d at 621. As for the effect on the accused, it is telling that the government has failed to cite any authority in which a defendant was twice arrested and detained, once while literally complying with conditions of pretrial supervision arising out of the first arrest, and was subject to jeopardy in two venues by the same prosecuting authority for identical conduct. Under these circumstances, it

would be contrary to the manifest public interest[4] and amount to objective harassment to leave the threat of arrest and prosecution--for a third time--looming simply because the government seeks to cure its self-inflicted defects in this case.[5]

**III. Conclusion**

The primary purpose of Rule 48 is to "protect[] a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution." *Ammidown*, 497 F.2d at 620. By requesting a third bite at the prosecutorial apple, with the hope that it will have a better case at a later date, this is exactly what the government seeks to do in this case. Therefore, the indictment against Mr. Pitts is **DISMISSED WITH PREJUDICE**. An appropriate order accompanies this Memorandum Opinion.

---

[4] The Court also notes that to simply allow the government to effectively continue a case through dismissing the indictment without prejudice and then recharging a defendant, when a defendant has clearly and repeatedly demanded to go to trial, would make a mockery of both the Speedy Trial Act and any fair notion of criminal justice.

[5] Because there has not been a Speedy Trial Act violation in this case, the Court does not consider the defendant's argument that the Speedy Trial Act requires dismissal with prejudice. Moreover, having found that Rule 48 requires dismissal with prejudice, the Court does not reach Mr. Pitts' constitutional arguments. *See* Def.'s Opp'n, ECF No. 23 (arguing violations of Due Process and Sixth Amendment Right to Speedy Trial).

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            May 14, 2019**