**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim. No. 19-49 (EGS) |
| | : | |
| **MICHAEL PITTS,** | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO THE COURT'S JULY 2, 2019 MINUTE ORDER**

The government hereby responds to the Court's July 2, 2019 Minute Order.

First, based on present circumstances, the government has no objection to filing its May 31, 2019 letter to the Court (the "Letter") on the public docket. Accordingly, pursuant to the Court's July 1, 2019 Minute Order, the government hereby files the Letter as an attachment to this public filing.

Second, when the government sent the Letter to the Court and defense counsel, this matter had been dismissed with prejudice and the case was closed. [Doc. No. 38]. As a result, the government did not consider the matter to be governed by the Local Rules, which relate to active proceedings, such that a public filing would be required. *See* LCrR 1.1 ("These Rules govern all proceedings in the United States District Court for the District of Columbia."). Given the nature of the information contained in the disclosure, however, the government felt that it was in the interests of justice to make the disclosure to the Court and the defense notwithstanding the fact that the case had been dismissed with prejudice. *See Berger v. United States*, 295 U.S. 78 (1935).

As mentioned in the Letter and in the government's June 28, 2019 status report, this matter has been referred to the appropriate Department of Justice ("the Department") office for further review. Upon completion of that review, the Department will decide whether it believes that any

bar or other referrals are appropriate.[1]  Where an attorney subject to the U.S. District Court for the District of Columbia Rules of Disciplinary Enforcement "has engaged in conduct, which, if substantiated, would warrant the imposition of discipline, the Court may refer that attorney to the U.S. District Court for the District of Columbia Committee on Grievances.  LCrR 57.27(d)(2).[2]  Any decision by the Court about whether a referral is appropriate likely would be better informed after the conclusion of the Department's review.

           Respectfully submitted,

           JESSIE K. LIU
           United States Attorney

           _____/s/_____
           John Crabb Jr.
           Deputy Chief, Criminal Division
           N.Y. Bar No. 2367670
           United States Attorney's Office
           555 4th Street, N.W.
           Washington, D.C.  20530
           (202) 252-1794
           john.d.crabb@usdoj.gov

---

[1] *See* D.C. RULES OF PROF'L CONDUCT R. 8.3(a).  As a matter of policy, the Department authorizes referrals to disciplinary counsel in those instances in which it "concludes that a current or former Department attorney violated a rule of professional conduct during her or his tenure with the Department." Justice Manual §§ 1-4.300, 1-4.320; *see also* D.C. RULES OF PROF'L CONDUCT R. 8.3(c) & cmt. [2].

[2] The Rules of Disciplinary Enforcement "apply to all attorneys admitted to membership in the Bar of this Court, to all attorneys permitted to practice before this Court under LCrR 44.1, and to all attorneys who appear before this Court or who participate in proceedings, whether admitted or not."  LCrR 57.23(b).